**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000483
28-JUN-2024
07:55 AM
Dkt. 60 SO**

NO. CAAP-23-0000483

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
PETER K.K. KAMALII, also known as PIKA, Defendant-Appellant_

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-22-0000693 (1))

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Peter K.K. Kamalii, also known as Pika (**Kamalii**) appeals from the July 21, 2023 Judgment; Conviction and Probation Sentence; Terms and Conditions of Probation; Notice of Entry (**Judgment**) entered by the Circuit Court of the Second Circuit (**Circuit Court**).[1] After a jury-waived trial, Kamalii was convicted of one count of Promoting a Dangerous Drug in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) § 712-1241(1)(a)(i) (Supp. 2023) (**Promoting a Dangerous Drug First or Count 1**),[2] and one count of

---

[1]     The Honorable Kirstin M. Hamman presided.

[2]     HRS § 712-1241(1)(a)(i) states:

> **HRS § 712-1241  Promoting a dangerous drug in the first degree.**  (1) A person commits the offense of promoting
> (continued...)

Promoting a Dangerous Drug in the Third Degree, in violation of HRS § 712-1243(1)(a)(i) (2014). Kamalii was sentenced to ten years of probation, with special terms and conditions that included serving a term of incarceration of two years.

Kamalii's Opening Brief fails to comply with important and helpful requirements set forth in Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4), including that it does not include a statement of the points of error, does not state an alleged error by the Circuit Court, does not state where in the record the alleged error(s) occurred, and does not state where in the record Kamalii brought the alleged error(s) to the Circuit Court's attention.[3] We nevertheless discern that Kamalii's appeal is based on the contention that he only had the methamphetamine at issue in Count 1 for a short period of time and he discarded it, so his possession was "transitory," and his conviction for transitory possession should be reversed.[4]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kamalii's argument on appeal as follows:

_____

[2](...continued)
        a dangerous drug in the first degree if the person
        knowingly:
            (a)    Possesses one or more preparations, compounds,
                   mixtures, or substances of an aggregate weight
                   of:
            (i)    One ounce or more, containing
                   methamphetamine, heroin, morphine, or
                   cocaine or any of their respective salts,
                   isomers, and salts of isomers[.]

[3]     Kamalii is represented by counsel on appeal.

[4]     Kamalii makes no discernible argument concerning the other count, and therefore, any such argument is waived.

2

Kamalii's argument is without merit. The Circuit Court specifically found that the State proved beyond a reasonable doubt that Kamalii knowingly possessed the methamphetamine that was "in the box" based on evidence that included, *inter alia*, Kamalii's statements to the police that were more credible than his in-court statements. The Circuit Court found that Kamalii's possession was conscious and substantial. Viewing the evidence in the light most favorable to the prosecution, we conclude that there was substantial evidence to support the Circuit Court's findings and to support Kamalii's conviction of Promoting a Dangerous Drug First.[5] See generally State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007) (regarding our standard of review).

For these reasons, the Circuit Court's July 21, 2023 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, June 28, 2024.

On the briefs:

Steven Slavitt,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[5] In light of the Circuit Court's factual determinations, we do not address the viability of Kamalii's defense theory under Hawaiʻi law, but we note that it may be inconsistent with the Hawaiʻi Supreme Court's decision in State v. Hironaka, 99 Hawaiʻi 198, 205, 53 P.3d 806, 813 (2002); see also HRS § 702-202 (2014) (setting forth when possession is a voluntary act).